**SUZUKI LAW OFFICES**
Attorneys at Law
Richard J. Suzuki, Esq. No. 021348
Seth Apfel Az. No. 032225
2929 E. Camelback Rd. Ste. 224
Phoenix, Arizona 85016
Phone: (602) 682-5270
Fax: 480-907-1571
Attorneys@suzukilawoffices.com

Attorneys for Defendant *Garza*

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>     vs.<br><br>Johnny Roman Garza,<br><br>            Defendant. | Case No.: **2:20-MJ-03024-MTM-1**<br><br>**MOTION FOR REVIEW/RECONSIDERATION OF DETENTION ORDER**<br><br>*(Defendant is In Custody)* |

Defendant, Johnny Roman Garza, by and through counsel undersigned, respectfully requests that this Court review and reconsider the detention order of the Magistrate Judge, and order him released, subject to reasonable conditions of release. Pursuant to the Fifth and Eighth Amendments of the Constitution, Fed. R. Crim. P. Rules 46 and 59, 18 U.S.C. §§ 3142 and 3145, and relevant precedent, pretrial detention in this case is inappropriate because there are conditions that would reasonably assure the safety of the community, and because there is no risk of flight. This motion is supported by the following Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED this 13th day of March, 2020.

**SUZUKI LAW OFFICES**

*/s/ Richard J. Suzuki*
Richard J. Suzuki, Esq.
Attorney on Behalf of Defendant Garza

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    STATEMENT OF FACTS**

A complaint was filed against Mr. Garza on February 25, 2020, and he was arrested the same day. [Exh. A, Complaint]. The complaint alleges that Mr. Garza was part of a conspiracy to threaten journalists and activists, particularly Jews and other minorities, with the purpose being to intimidate them. [Id.]. Specifically, the alleged conspirators created posters with Nazi imagery, including swastikas, and non-specific implied threats,[1] and also included the names and addresses of the targets. [Id.]. These posters were sent by mail to some recipients, and were physically placed on the residences of a few recipients. [Id.]. Mr. Garza is alleged to have affixed a poster to the residence of one recipient. [Id.].

On February 26, the government requested a detention hearing regarding Mr. Garza. That hearing was held on March 2, before a Magistrate Judge in the Arizona District Court in Phoenix. [Ex. B, Detention Order]. Following the hearing, the

---

[1] No direct threats were made in the posters towards the targets, and no specific act was suggested or threatened. Instead the posters say things like "Your actions have consequences, our patience has limits," and "We are watching…we know where you live, do not f*** with us."

Magistrate Judge ordered Mr. Garza to remain detained pending trial. [Id.].  The court found that Mr. Garza is not a flight risk. [Id.].  However, the Court did find that there was clear and convincing evidence that Mr. Garza is a danger to the community, and no condition or combination of conditions would reasonably assure the safety of the community, and therefore detention is appropriate. [Id.].

In its findings, the court specified that Mr. Garza's history and characteristics favor release, noting, *inter alia*, that he just 20 years old, is a lifelong Arizona resident with strong family support (numerous people showed up to the hearing to support him), that he has never traveled outside the United States, and that he had never previously been arrested. [Id.].  However, the court found that other factors, including the nature and circumstances of the offense, the weight of the evidence, and the nature of the danger to the community, favored detention. [Id.].  Specifically, the court noted the planned, intentional terrorizing of the recipients in their homes, that Mr. Garza himself placed a poster on one home, that the recipients had requested detention, and possible mental health issues were important considerations. [Id.].  Interestingly, however, the court did concede that no firearms or destructive devices were connected to Mr. Garza. [Id.].

The court found that the government had failed to meet its burden to show by a preponderance of the evidence that Mr. Garza is a flight risk, specifying that the risk of flight is low.

## II. LAW & ARGUMENT

"[T]he Fifth and Eighth Amendments['] prohibitions of deprivations of liberty without due process and of excessive bail require careful review of pretrial detention orders to ensure that the statutory mandate has been respected." *United States v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir.1985). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). Accordingly, the Bail Reform Act[2] mandates the release of a person pending trial under the least restrictive condition(s) unless the court "[f]inds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id*. (quoting *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008)).

Where the government requests pretrial detention, it "bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community." *Id*. The factors for the court to consider are delineated in 18 U.S.C. § 3142(g):

> (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release

---

[2] 18 U.S.C. §§ 3141-3150.  See also Fed. R. Crim. P. Rule 46, specifying that 18 U.S.C. §§ 3142 and 3144 govern pretrial release.

*Gebro*, 948 F.2d at 1121.  The weight of the evidence is the least important factor. *Id*.

Where a Magistrate Judge has made a determination that a defendant is to be detained, the defendant may request review of that determination by the judge in the court of original jurisdiction. Fed. R. Crim. P. Rule 59.  The rule requires that such a request for review must be filed within 14 days of the original determination of detention. *Id*.  Any such review is conducted *de novo*, and the Magistrate Judge's order is entitled to no deference whatsoever. *United States v. Koenig*, 912 F.2d 1190, 1193 (1990).

As an initial matter, Mr. Garza has no objection to the court's determination that the third factor described above favors release.  He is a young man, with no criminal history at all, with strong family support and community ties.  There is no indication that he has any kind of significant substance abuse problem, and even if that was not the case, drug testing would alleviate such a concern.  While the court did express concerns respecting possible mental health issues, such issues can be easily addressed by a less restrictive method than detention, for example a mental health screening and then counseling as needed.  Thus, the court correctly deemed that this factor favors release – in fact, it weighs heavily in favor of release.

Regarding the first and fourth factors, the nature and seriousness of the alleged offense and danger to any person, the court erred in finding that these favored detention – in fact, they should favor release.  The offenses involved veiled threats without any specifics – none of the posters directly threatened physical harm to any person.

Moreover, while the content of the posters may have been repugnant, it nonetheless constitutes political speech and is entitled to the highest level of protection under the First Amendment. *See generally, e.g. R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377 (1992). Moreover, it is questionable as to whether the "threats" meet the requirements of the true threat doctrine, particularly considering the fact that the posters contained no direct threat. *See generally*, *Elonis v. United States*, 135 S. Ct. 2001 (2015). Ultimately, while perhaps unsettling and certainly highly offensive, the posters were non-specific, and no violence was actually committed by any person. Additionally, Mr. Garza has no history of this sort of behavior – discovery of his involvement with the conspirators has provided those around him with the chance to deprogram him and undo the indoctrination of these troubling views. Any concerns about the nature of the offense can be managed by supervision by pretrial services, enrollment in programs, and, if necessary, an ankle monitor. Most importantly, Mr. Garza was not found to have had any firearms or explosiveness, indicating that he is more talk than action.

As to the second factor, the weight of evidence, Mr. Garza concedes that this factor weighs in favor of detention. However, as noted above, there are First Amendment considerations at issue, and there are also questions as to whether he may have had a mitigating role. Moreover, even if convicted, he is not looking at a substantial amount of prison. In any case, this factor is the least important.

Overall, the factors in this case favor release over detention, with conditions appropriate to ensuring community safety. While there may be legitimate factors of

concern, the evidence is not sufficient to meet the government's high burden to show by clear and convincing evidence that there are no conditions that can reasonably assure the safety of the community. Given the strong presumption in favor of release, the court erred in ordering detention, and Mr. Garza's release from custody pending trial is warranted.

### III. CONCLUSION

In consideration of the forgoing, Mr. Garza respectfully requests that this Court review and reconsider the detention order of the Magistrate Judge, and order him released, subject to reasonable conditions of release.

**RESPECTFULLY SUBMITTED** this 13th day of March, 2020.

                                            **SUZUKI LAW OFFICES**

                                By   */s/ Richard J. Suzuki*
                                           Richard J. Suzuki, Esq.
                                           Attorney for Defendant *Garza*

# CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable John Boyle
United States District Court
401 W. Washington Street
Phoenix, AZ  85003

Lisa Jennis
Assistant United States Attorney
United States Attorney's Office
2 Renaissance Square
40 N. Central Avenue
Phoenix, AZ  85004

                                                    */s/Richard J. Suzuki*
                                                    Richard J. Suzuki, Esq.
                                                    Attorneys for Defendant *Garza*